IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
   *Plaintiff*,

v().

RICHARD HILLER,
   *Defendant*.

Criminal No. ELH-18-0389

**MEMORANDUM**

On February 19, 2019, defendant Richard Hiller, through counsel, file a "Request For Abatement And/Or Reduction Of Fine." ECF 26 ("Motion"). He seeks an order "abating the fine of $15,000.00 imposed" by this Court on December 10, 2018, as part of Hiller's sentence. ECF 26 at 1. According to defendant, the payment of the fine "is causing and will continue to cause extreme hardship on the Defendant and his wife." *Id.*

The government filed an opposition. ECF 28. The defendant has not replied, and the time to do so has expired.

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

**Discussion**

On August 24, 2018, defendant entered a plea of guilty to Counts One and Two of an Information, charging him with conspiracy to distribute oxycodone and possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841 and 846. The defendant, a State-licensed pharmacist, had been fraudulently providing oxycodone to women, in exchange for sexual favors from them.

Sentencing was held on December 10, 2018. ECF 20. At the time, the defendant was 64 years of age. ECF 14 (Presentence Report). According to the Presentence Report ("PSR"), the defendant's assets exceeded $1,200,000. *Id.* ¶ 68. And, his total net worth exceeded $1,000,000. *Id.* Based on an offense level of 27 and a criminal history category of I, the advisory sentencing guidelines range called for a period of incarceration of 70 to 87 months. *Id.* ¶ 70; ECF 22 at 1. Moreover, under the guidelines, the fine range is $25,000 to $1,000,000. ECF 14, ¶ 78.

The government sought a sentence of 64 months incarceration. ECF 19. However, in its memorandum, it did not seek a fine. *Id.*

The defense urged the Court to impose a "minimal" sentence. ECF 16 at 5. Defense counsel noted that the defendant, a pharmacist, faced scorn, ridicule, and embarrassment as a result of the case, and lost his pharmaceutical license. *Id.* at 4. Moreover, defense counsel observed that the defendant's conduct was aberrational. *Id.* at 2. The defense also claimed that the guidelines "over represent the seriousness of the offense . . . ." *Id.*

The Court imposed a below guidelines sentence of 40 months' imprisonment and a below guidelines fine of $15,000. Judgment was entered on December 11, 2018. ECF 21. No appeal was filed by the defendant. *See* Docket.

In connection with the fine, the Court did not require immediate payment from the defendant. To the contrary, I ordered payment of the fine in yearly installments of $5,000, over a period of three years, to commence after the defendant serves the period of incarceration, and enters onto supervised release. ECF 21 at 6.

In light of all of the above, defendant's claim of "hardship" rings hollow. *See* ECF 26 at 1. Moreover, given that defendant did not appeal the sentence, I am unaware of any ground that

would now permit me to reduce the fine. *See* 18 U.S.C. § 3572(c); *see also United States v. Graham*, 33 Fed. App'x 687, 689 (4th Cir. 2002).

An Order follows.

Date: April 5, 2019  /s/
Ellen L. Hollander
United States District Judge