IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff*,<br><br>v.<br><br>RICHARD HILLER,<br>   *Defendant*. | Criminal No. ELH-18-0389 |

**MEMORANDUM**

The defendant, Richard Hiller, through counsel, has filed a "Second Emergency Motion for Compassionate Release." ECF 40 ("Second Motion"). He was sentenced on December 10, 2018, to a below-guidelines sentence of 40 months' incarceration. ECF 21. The sentencing followed his plea of guilty on August 24, 2018 (ECF 12) to an Information (ECF 1) charging conspiracy to distribute oxycodone and possession with intent to distribute oxycodone. The plea was tendered pursuant to a plea agreement. ECF 7.

The defendant, who is incarcerated at Allenwood Low, filed his first motion for compassionate release on March 30, 2020. ECF 33. I denied the motion by Memorandum (ECF 36) and Order (ECF 37) of April 28, 2020. In my ruling, I concluded, *inter alia*, that the defendant failed to exhaust his administrative remedies, as required by 18 U.S.C. § 3582(c)(1).

The government opposes the Second Motion. ECF 42. It again contends that the defendant has failed to exhaust his administrative remedies. The government points out that the defendant has not provided documentation evidencing his administrative request, nor do the records of the Bureau of Prisons ("BOP") reflect such a request. *Id.* at 3.

Accordingly, I wrote to defense counsel on July 8, 2020 (ECF 43), and asked counsel to provide the Court with evidence of exhaustion. In response, counsel provided the Court with a

decision of April 17, 2020, from David Paul, BOP Regional Director. The decision upholds the ruling of the Warden at LSCI Allenwood, who declined to remove the defendant's Public Safety Factor Classification of Sex Offender. This ruling, however, has no bearing on the Second Motion, which concerns compassionate release. It does not establish the requisite exhaustion.

For the reasons stated previously by the Court in ECF 36, incorporated here, there is no indication that defendant has exhausted his administrative remedies with respect to his request for compassionate release. Therefore, I shall deny the Second Motion, *without prejudice* to defendant's right to renew his motion at a later time.

To the extent the defendant's Second Motion seeks conversion of his sentence of imprisonment to a sentence of home detention, such a request must be submitted to the BOP. Title 18, § 3642(c) of the United States Code is the only statute authorizing the transfer of an inmate from prison to home confinement. That section specifically provides that "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months." 18 U.S.C. § 3642. Though § 12003(b)(2) of the CARES Act states that, during the COVID-19 emergency, "the director of the Bureau [of Prisons] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement," pursuant to § 3624(c)92) that authority is given to the Bureau of Prisons and not to the courts. *See United States v. Johnson*, Crim. No. JKB-14-0356, 2020 WL 1929459, at *2 (Apr. 21, 2020); *United States v. Gray*, 2020 WL 1943476, at *3 (E.DN.C. Apr. 22, 2020) (finding "defendant must seek home confinement through the BOP's administrative system"); *United States v. Baker*, 2020 WL 2430945, at *1 (W.D.N.C. May 12, 2020) (stating that authority to grant such relief rests solely with the Director of the Bureau of Prisons).

An Order follows.

Date: July 31, 2020         /s/
                            Ellen L. Hollander
                            United States District Judge